UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No. 20-cr-247 (APM) |
| : | |
| DEON DOZIER, : | |
| : | |
| Defendant. : | |

## GOVERNMENT'S MEMORANDUM IN AID OF RE-SENTENCING

The defendant, Deon Dozier, is before the Court on several violations of his supervised release, including subsequent criminal offenses, positive drug tests, and failure to participate in outpatient substance abuse and mental health treatment. This case stems from the defendant's illegal possession of a firearm and possession with the intent to distribute fentanyl, for which he was sentenced to 45 months of incarceration and 36 months of supervised release. The defendant's repetitive and consistent criminal conduct and his continued violations necessitate revocation of his supervised release and a term of incarceration. The government asks this Court to sentence the defendant to eight months of incarceration.

## BACKGROUND

*Underlying Offense*

On Sunday, October 25, 2020, at approximately 6:35 p.m., officers of the Metropolitan Police Department ("MPD") were on patrol in the 800 block of Barnaby Street Southeast, Washington, D.C. They walked up to an apartment building with a clear open exterior door and observed the defendant standing on the stairs with his back to the door. Standing outside the exterior door was another individual who walked away as the officers approached. The defendant did not see the officers walking up behind him. As they walked up, the defendant was bent over placing items on a digital scale that was resting on the stairs. An MPD officer walked into the

vestibule of the building and stood behind the defendant and said, "What's up, big man?" The officer could see that the item being placed on the scale was a green leafy substance consistent with marijuana. The defendant turned around, looked at the officer, and said, "Oh, you scared the shit out of me." The defendant then took off running up the stairs and into apartment number 303, throwing the scale and green leafy matter to the ground as he ran.

Before the defendant could shut the apartment door, officers followed him and detained him. While they were in the process of detaining him, the defendant reached toward his groin area. Officers conducted a protective pat down and felt a firearm in the defendant's groin area. The defendant was then searched and officers found a firearm, 76 zips of a tan substance that field tested positive for fentanyl, and 33 zips of a white rock-like substance that field tested positive for crack cocaine. The suspected drugs were later tested by forensic chemists and confirmed to be fentanyl and cocaine.

The firearm was a Smith and Wesson .40 caliber semi-automatic firearm, model SW40UE, Serial Number RAY4483. The firearm was loaded with one round of ammunition in the chamber and 13 rounds of ammunition in the magazine.

On October 26, 2020, the defendant was charged by Complaint with violating 18 U.S.C. § 922(g)(1) (unlawful possession of a firearm by person previously convicted of a crime punishable by imprisonment exceeding one year), 21 U.S.C. § 841(a)(1) (unlawful possession with intent to distribute cocaine base), 21 U.S.C. 841(b)(1)(C) (unlawful possession with intent to distribute fentanyl), and 18 U.S.C. § 924(c)(1) (using, possessing, or carrying a firearm during a drug trafficking offense). ECF No. 1. On November 6, 2020, the defendant was indicted on the same. ECF No. 8.

On June 28, 2021, the defendant pleaded guilty pursuant to a plea agreement to Count One and Three of the Indictment, charging violations of 18 U.S.C. 922(g)(1) and 21 U.S.C. § 841(a)(1) and (b)(1)(C), respectively. On December 7, 2021, the defendant was sentenced to 45 months on each count to run concurrently. ECF No. 32.

*Violations of Supervised Release*

On June 27, 2024—only five months after his release from custody—the defendant was arrested in Prince George's County for unlawful possession of a firearm, possession of controlled substances with the intent to distribute, and related charges.[1] *See* ECF No. 44 (dated March 3, 2024). In addition to that arrest, the defendant violated other conditions of release. *See* ECF No. 40. Over the next year, subsequent probation petitions were filed by the U.S. Probation Office ("USPO") documenting additional violations. *E.g.*, ECF No. 58, 67, 69, 73, 76, 79, 83.

Notably, on December 23, 2024, the defendant was charged in D.C. Superior Court Case No. 2024 CMD 13081 with possession of cocaine. Not long after that, on January 6, 2025, the defendant was charged in another D.C. Superior Court case, Case No. 2025 CMD 198, with possession of cocaine and possession of an open container of alcohol. On June 18, 2025, the defendant pled guilty to two counts of possession of a controlled substance and sentenced to 100 days incarceration on each count, all of which was suspended. Even after his sentencing, the continued to violate his conditions, including up to October 2025, where USPO noted that he failed to participate in outpatient drug and mental health treatment. ECF No. 83.

---

[1] Ultimately, Prince George's County did not seek to indict Mr. Dozier in that case and the case was dismissed.

3

The defendant is now before the Court on final revocation on multiple violations, including violations of law stemming from the D.C. Superior Court convictions, positive drug tests, and failure to participate in substance abuse and mental health treatment.

## **ARGUMENT**

The Government requests that the Court sentence the defendant to eight months of incarceration, which represents the bottom of the guideline range. A short period of incarceration is appropriate given the nature and history of this defendant, to deter the defendant from future criminal conduct, and to protect the public. *See* 18 U.S.C. 3583(e) (explaining the section 3553 factors to be considered by courts upon modification of conditions or revocation).

Pursuant to the Sentencing Guidelines, the aforementioned violations all constitute Grade C violations. U.S.S.G. § 7C1.1(a)(3). Further, the defendant has a criminal history category of VI. *See* U.S.S.G. § 7C1.5; ECF No. 24 (Presentence Investigation Report). Thus, the applicable guidelines range is **8 to 14 months of incarceration**. Further, because the violations involve possession of controlled substances, the Court must revoke the defendant's supervise release and impose a term of incarceration. *See* 18 U.S.C. § 3583(g)(1). Given the Sentencing Guidelines and the applicable 3553(a) factors, the government respectfully requests that the Court impose a sentence of eight months.

The defendant's criminal history is of particular concern. The majority of the defendant's prior convictions include firearms charges. ECF No. 24 at 10-15. Again and again the defendant has returned to the community and unlawfully armed himself with a firearm. While the government acknowledges that the defendant did not have an ideal upbringing, his repetitive firearm and drug possession necessitate a term of incarceration—not just to deter the defendant

from continuing to repeat this cycle, but to protect the public. Indeed, although the charges were not ultimately pursued, the defendant was arrested only five months after his release in this case while in a car with a firearm and drugs. A few months after that, he was charged with and later convicted of possessing controlled substances in two other cases. While drug dependency no doubt has played a role in the defendant's violations, the buck must stop somewhere. A short period of incarceration—the bottom of the guidelines range—is appropriate given the nature and history of the defendant, the hope of deterring the defendant from future criminal conduct, and continuing to keep the public safe.

## CONCLUSION

For all the foregoing reasons, the Government respectfully requests that the Court impose a sentence of eight months of incarceration.

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By:     /s/ *Sarah Martin*
Sarah Martin
Assistant United States Attorney
D.C. Bar 1612989
601 D Street NW
Washington, D.C.
(202) 252-6775
Sarah.Martin@usdoj.gov